# CIRCUIT COURT OF THE CITY OF RICHMOND

Cordell M. Parvin

v.

Virginia Department
of Transportation

March 6, 1989

Case No. N-7258-3

By JUDGE T. J. MARKOW

Plaintiff brought an action for mandamus after defendants withheld certain documents pursuant to plaintiff's request for information under the Freedom of Information Act. The Court took the parties' memoranda under advisement.

The defendant Department awarded a construction contract to McCarthy Brothers of St. Louis to build a new Robert E. Lee Bridge spanning the James River in Richmond. The construction contract, as well as the applicable statute (§ 38.1-386 of the Code of Virginia), required that a contractor, in order to maintain and litigate a claim, file a notice of intent at the time the dispute arises, which described the nature of the dispute and the anticipated cost of performing the disputed work.

During the course of the project's construction, McCarthy filed twenty-five notices of intent to file a claim pertaining to various aspects of the bridge. Plaintiff in this action is counsel for McCarthy Brothers.

Plaintiff has filed no actual claim against the Department as of this date. In response to plaintiff's extensive request for documents pursuant to the Freedom

of Information Act, defendants withheld certain documents, documents which defendants claim are work product relating to issues for which notice of intent to file a claim has been received, as well as items falling under the rubric of attorney-client privilege. None of defendants' responses to Mr. Parvin's request cited any code section as the basis for the claimed exemptions for the withheld documents.

The petition for mandamus seeks various orders from this court to permit Mr. Parvin to inspect and copy the withheld documents or to have the defendants justify to this court that the withheld documents are, in fact, excluded from the disclosure requirements of FOIA. In response, defendants have provided to the court a "Vaughan file" containing an index describing the withheld documents, and the documents themselves. The court has completed its *in camera* review of these materials and concludes that they are, indeed, exempt from disclosure under the Freedom of Information Act.

### Attorney-Client Privilege

There are twenty-one documents that fall within the attorney-client privilege alone, and twenty-one documents withheld that fall into the attorney-client/work product joint privilege. Defendants are entitled under the Freedom of Information Act to withhold: (1) "any other writing protected by the attorney-client privilege" Section 2.1-342(b)(5); (2) memoranda, working papers and records compiled specifically for use in litigation or as a part of an active administrative investigation concerning a matter which is properly the subject of an executive or closed meeting under § 2.1-344; and (3) documents specifically provided by law not needed to be disclosed, Section 2.1-342(a). There are fourteen matters which are properly the subject of an executive or closed meeting under § 2.1-344. Number 7 reads:

Consultation with legal counsel and briefings by staff members, consultants or attorneys, pertaining to actual or potential litigation, or other legal matters within the jurisdiction of the public body . . . .

Plaintiff contends that since there is no actual litigation on the contract, this exemption is not applicable. The court disagrees. Litigation is threatened when a notice of intent is filed. It is the practice of the Department of Transportation, according to the affidavit of Mr. Garver, to make counsel, the Office of the Attorney General, an addressee on all claims and correspondence generated after a notice of intent has been filed. The Department and its employees are engaged in a multitude of projects statewide, and they need to be able to have frank internal discourse as to the legal position of the Department without fear of compromising its position. That is the basis for the public policy of the privilege.

Accordingly, since litigation is threatened when a notice of intent is filed, all documents withheld relating to notices of intent are protected. Other documents withheld claimed as attorney-client privilege will not be disclosed either, because they arose in the context of the Department's requesting advice of counsel and the attorneys, in return, giving it.

The filing of a notice of intent by a highway construction contractor is sufficient to threaten litigation to permit defendants' correspondence with the Attorney General to achieve attorney-client privilege status, as well as work product status. The Freedom of Information Act exemption from disclosure in § 2.1-342(b)(6) is, in effect, a statutory work product exemption, similar in scope and purpose as the judicially created work product doctrine as it is construed in judicial opinions and the Rules of the Supreme Court of Virginia.

Although the United States Supreme Court has held that the motive of one's seeking disclosure under FOIA is not relevant, the statute must be enforced so as to avoid leaving defendants without the protection enjoyed by nongovernment litigants under the rules of court. The Freedom of Information Act is a statute designed to assure that government in the sunshine is a reality; however, it is not to be employed as a private discovery device.

The fifty-four documents withheld by the defendants in this case were properly withheld. The defendants have met their burden imposed by law that they are entitled to withhold from disclosure as provided by the Freedom of Information Act.